IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BYRON KEITH HARMON, (TDCJ #01801973) Petitioner, v. LORIE DAVIS, Respondent. | § § § § § § § § § § § | CIVIL ACTION NO. 4:18-cv-2207 |

## MEMORANDUM AND ORDER

Byron Keith Harmon, a Texas state inmate, seeks a writ of habeas corpus to challenge a state-court judgment under 28 U.S.C. § 2254. (Docket Entry No. 1). The respondent, Lorie Davis, moves for summary judgment on the ground that Harmon's petition is successive. (Docket Entry No. 10). Harmon objects in a cross-motion for summary judgment. (Docket Entry No. 13).

After considering all of the pleadings, and the applicable law, the Court grants the respondent's motion and dismisses this case because Harmon does not have the necessary permission to file it, meaning that this Court has no jurisdiction. The reasons are explained below.

**I.    Background**

Harmon is incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division as the result of his 2012 state-court conviction in Harris County Cause

Number 1355981. He was convicted of aggravated robbery of an elderly person and sentenced to a 35-year prison term.

The Fourteenth Court of Appeals of Texas affirmed Harmon's conviction in May 2014. *Harmon v. State*, No. 14–12–00713–CR, 2014 WL 1852172 (Tex. App.—Houston [14th Dist.] 2014, no pet.). Harmon filed a state habeas application under Article 11.07 of the Texas Code of Criminal Procedure to challenge his conviction. *See Ex parte Harmon*, Application No. WR-85,050-01. In September 2016, the Texas Court of Criminal Appeals denied the application, without a hearing or written order, on the findings of the trial court. *Id.*

In a federal habeas petition, executed on June 6, 2018, Harmon contends that he is entitled to relief because he was denied the right to testify during the guilt-innocence phase of trial and because trial counsel rendered ineffective assistance. *See* Docket Entry No. 1, at 6–8. Court records reflect that Harmon has filed a previous federal habeas petition, challenging a prison disciplinary proceeding. *See Harmon v. Davis*, Civil No. 4:18-cv-0943 (S.D. Tex. March 28, 2018) (order dismissing case with prejudice). He has not sought permission to file this petition.

## II. Discussion

The pending petition Harmon filed in this case is an unauthorized successive application under 28 U.S.C. § 2244(b). Before a second or successive application can be filed in the district court, the applicant must move in the appropriate court of appeals for an

2

order authorizing the district court to consider the application. *See* 28 U.S.C. § 2244(b)(3)(A). If the pending petition is a successive writ, the Court has no jurisdiction to consider it without prior authorization from the Fifth Circuit.

The Fifth Circuit has recognized that "a prisoner's application is not second or successive simply because it follows an earlier federal petition." *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998). A later application is successive when it: (1) raises a claim challenging the conviction or sentence that was or could have been raised in an earlier petition; or (2) otherwise constitutes an abuse of the writ. *Id.*; *see also United States v. Orozco-Ramirez*, 211 F.3d 862, 867 (5th Cir. 2000). Harmon fails to demonstrate why he could not have raised the claims he raises here in his original federal habeas petition. *See Propes v. Quarterman*, 573 F.3d 225, 230 (5th Cir. 2009) ("A petitioner is to bring claims against a judgment and claims that arise from disciplinary matters that occur during incarceration under that judgment in the same proceeding."). The alleged errors related to Harmon's 2012 conviction all occurred before Harmon filed his first federal habeas petition. The pending petition meets the second-or-successive criteria.

Because the pending petition is successive, Harmon must seek authorization from the Fifth Circuit before this Court can consider his application. *See* 28 U.S.C. § 2244(b)(3)(A). "Indeed, the purpose of [28 U.S.C. § 2244(b)] was to eliminate the need for the district courts to repeatedly consider challenges to the same conviction unless an appellate panel first found that those challenges had some merit." *United States v. Key*, 205 F.3d 773, 774 (5th Cir.

2000) (citing *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998)). Absent this authorization from the Fifth Circuit, the Court lacks jurisdiction over the petition. *Id.* at 775. It must be dismissed as an unauthorized successive writ.

## III. Certificate of Appealability

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner. *See* 28 U.S.C. § 2253. A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). This requires the petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). When denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

The Court concludes that jurists of reason would not debate whether any procedural ruling in this case was correct or whether Harmon stated a valid claim for relief. A certificate of appealability will not issue.

## IV. Conclusion and Order

Based on the foregoing, the Court **ORDERS** as follows:

1. The respondent's motion for summary judgment, (Docket Entry No. 10), is **GRANTED**.

2. Harmon's cross-motion for summary judgment, (Docket Entry No. 13), is **DENIED**.

3. Harmon's habeas corpus petition is **DISMISSED** without prejudice, for lack of jurisdiction as an unauthorized successive application.

4. A certificate of appealability is **DENIED**.

SIGNED at Houston, Texas, on __FEB 0 5 2019__.

                                                      ALFRED H. BENNETT
                                                      UNITED STATES DISTRICT JUDGE